J-S47017-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DONN MICHAEL WALCK | : | |
| | : | |
| Appellant | : | No. 25 MDA 2019 |

Appeal from the Judgment of Sentence Entered August 3, 2018
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0004520-2017

BEFORE:  DUBOW, J., NICHOLS, J., and MUSMANNO, J.

MEMORANDUM BY NICHOLS, J.:               **FILED: OCTOBER 18, 2019**

Appellant Donn Michael Walck appeals from the judgment of sentence imposed following his open guilty plea to home improvement fraud.[1] Appellant's counsel has filed a petition to withdraw and an ***Anders***/***Santiago***[2] brief.  We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this appeal are as follows. On April 17, 2017, a homeowner paid $3,000 to Appellant as a deposit for home repairs.  N.T., 4/23/18, at 4.  Appellant never completed the work and kept the money.  ***Id.***  Appellant was subsequently arrested and charged.

On April 23, 2018, Appellant entered an open guilty plea to the above count.  The trial court ordered a pre-sentence investigation report (PSI) and

---

[1] 73 P.S. § 517.8(a)(2).

[2] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

scheduled a sentencing hearing. The PSI indicated that Appellant had a prior record score of five and an offense gravity score of five. At sentencing, the trial court established that the Pennsylvania Sentencing Guidelines called for a minimum sentence of twelve to eighteen months' imprisonment. N.T., 8/3/18, at 4. The trial court sentenced Appellant to eighteen to eighty-four months' incarceration. The trial court also ordered the sentence to run consecutive to unrelated Lehigh County sentences of thirty-nine to eighty-four months' imprisonment.

Appellant filed a timely post-sentence motion, requesting that his sentence run concurrent to his Lehigh County sentence. The trial court denied the motion on December 3, 2018.

Appellant timely filed a notice of appeal. Appellant's counsel timely filed a court-ordered statement pursuant to Pa.R.A.P. 1925(c)(4), in which he indicated his intent to file an *Anders* brief. The trial court filed a Rule 1925(a) opinion. Subsequently, Appellant's counsel withdrew due to a conflict of interest. On April 10, 2019, the trial court appointed conflict counsel.

On June 18, 2019, conflict counsel filed an *Anders*/*Santiago* brief and a separate petition to withdraw. Appellant has not filed a *pro se* response or a brief with new counsel.

Counsel's *Anders*/*Santiago* brief presents one issue for our review:

1. Whether the trial court abused its discretion in running the sentence in this matter consecutive to the sentences received in Lehigh County?

*Anders*/*Santiago* Brief at 3.[3]

"When faced with a purported ***Anders*** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." ***Commonwealth v. Wimbush***, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. ***See Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Additionally, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in ***Santiago***, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

---

[3] The Commonwealth did not submit an appellate brief in this matter.

Only after determining that counsel has satisfied these technical requirements may this Court "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted); *accord Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Instantly, Appellant's counsel has complied with the procedures for seeking withdrawal by filing a petition to withdraw, sending Appellant a letter explaining his appellate rights, and supplying Appellant with a copy of the *Anders*/*Santiago* brief. *See Goodwin*, 928 A.2d at 290. Moreover, counsel's *Anders*/*Santiago* brief substantially complies with the requirements of *Santiago*. Counsel includes a summary of the relevant factual and procedural history and concludes that the appeal is frivolous.[4] Therefore, we proceed to address the issue raised in the *Anders*/*Santiago* brief.

The issue identified by counsel suggests that the trial court abused its discretion by running Appellant's sentence consecutive to the Lehigh County sentences. *Anders*/*Santiago* Brief at 7.

Our standard of review is as follows:

Upon entry of a guilty plea, a defendant generally waives all defects and defenses except those concerning the validity of the

---

[4] Although the *Anders*/*Santiago* brief did not cite to the record, we do not find that an obstacle to our review.

plea, the jurisdiction of the trial court, and the legality of the sentence imposed. However, when the plea agreement is open, containing no bargain for a specific or stated term of sentence, the defendant will not be precluded from appealing the discretionary aspects of his sentence.

*Commonwealth v. Guth*, 735 A.2d 709, 710 n.3 (Pa. Super. 1999) (citations omitted).

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citation omitted). Rather, before reaching the merits of such claims, we must determine:

(1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citation omitted).

Here, Appellant timely appealed and properly preserved his claim in a post-sentence motion and his Rule 1925(b) statement. *See Corley*, 31 A.3d at 296. Counsel also substantially complied with Pa.R.A.P. 2119(f). *See id.* Accordingly, we proceed to determine if Appellant's issue raises a substantial question for our review.

By way of background,

[w]e have stated that the imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court. Long standing precedent of this Court

- 5 -

recognizes that 42 Pa.C.S. § 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. A challenge to the imposition of consecutive rather than concurrent sentences does not present a substantial question regarding the discretionary aspects of sentence.

*Commonwealth v. Johnson*, 961 A.2d 877, 880 (Pa. Super. 2008) (citations omitted).

Subsequently, we held that a

defendant may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence; however, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question.

*Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013) (citations and footnote omitted). "In determining whether a substantial question exists, this Court does not examine the merits of whether the sentence is actually excessive. Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable." *Id.* (citation omitted).

Instantly, we note that Appellant received a consecutive sentence within the standard guideline range. Further, the trial court's sentencing determination is supported by the record, including Appellant's PSI and plea

colloquy.[5]   Under these circumstances, Appellant's sentence is not clearly unreasonable or unduly harsh.  *See id.*

Therefore, Appellant's intended claim does not raise a substantial question, and we agree with counsel's assessment that this claim is frivolous. Furthermore, our review of the record reveals no non-frivolous issues for appeal.  *See Flowers*, 113 A.3d at 1250.

Petition to withdraw granted.  Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/18/2019

---

[5] Generally, "[w]here the [trial] court had the benefit of a [PSI], we can assume the sentencing court was aware of relevant information regarding the [Appellant]'s character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Griffin*, 65 A.3d 932, 937 (Pa. Super. 2013) (citation and quotation marks omitted).